1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

11   GEORGIA MILES EISNER,                    No.  2:21–cv–2337–TLN–KJN PS

12              Plaintiff,                    ORDER GRANTING IFP REQUEST AND
                                             GRANTING LEAVE TO AMEND
13        v.
                                             (ECF No. 2.)
14   DAVID HOLLISTER, et al.,

15              Defendants.

16

17        Plaintiff, who is proceeding without counsel in this action, requests leave to proceed in

18   forma pauperis ("IFP").[1]  (ECF No. 2.)  See 28 U.S.C. § 1915 (authorizing the commencement of

19   an action "without prepayment of fees or security" by a person who is unable to pay such fees).

20   Plaintiff's affidavit makes the required financial showing, and so plaintiff's request is granted.

21        However, the determination that a plaintiff may proceed without payment of fees does not

22   complete the inquiry.  Under the IFP statute, the court must screen the complaint and dismiss any

23   claims that are "frivolous or malicious," fail to state a claim on which relief may be granted, or

24   seek monetary relief against an immune defendant.  28 U.S.C. § 1915(e)(2).  Further, the federal

25   court has an independent duty to ensure it has subject matter jurisdiction in the case.  See United

26   Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004).

27

28
_____
[1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to
E.D. Cal. L.R. 302(c)(21).  See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

1   **Legal Standards**

2       Pro se pleadings are to be liberally construed.  Hebbe v. Pliler, 627 F.3d 338, 342 & n.7

3   (9th Cir. 2010) (liberal construction appropriate even post–Iqbal).  Prior to dismissal, the court is

4   to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it

5   appears at all possible the defects can be corrected.  See Lopez v. Smith, 203 F.3d 1122, 1130-31

6   (9th Cir. 2000) (en banc).  However, if amendment would be futile, no leave to amend need be

7   given.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

8       **i.    Subject Matter Jurisdiction and Frivolity**

9       The court must dismiss a case if, at any time, it determines that it lacks subject matter

10  jurisdiction.  Rule 12(h)(3).[2]  A federal district court generally has original jurisdiction over a

11  civil action when: (1) a federal question is presented in an action "arising under the Constitution,

12  laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the

13  amount in controversy exceeds $75,000.  See 28 U.S.C. §§ 1331, 1332(a).

14      Federal courts lack subject matter jurisdiction to consider claims that are "so insubstantial,

15  implausible, foreclosed by prior decisions of this court, or otherwise completely devoid of merit

16  as not to involve a federal controversy."  Steel Co. v. Citizens for a Better Environment, 523 U.S.

17  83, 89 (1998); Hagans v. Lavine, 415 U.S. 528, 537 (1974) (court lacks subject matter jurisdiction

18  over claims that are "essentially fictitious," "obviously frivolous" or "obviously without merit");

19  see also Grancare, LLC v. Thrower by & through Mills, 889 F.3d 543, 549-50 (9th Cir. 2018)

20  (noting that the "wholly insubstantial and frivolous" standard for dismissing claims operates

21  under Rule 12(b)(1) for lack of federal question jurisdiction).  A claim is legally frivolous when it

22  lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  A

23  court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory

24  or where the factual contentions are clearly baseless.  Id. at 327; Rule 12(h)(3).

25  ///

26  ///

27

28  ---
[2] Citation to the "Rule(s)" are to the Federal Rules of Civil Procedure, unless otherwise noted.

### ii.     Federal Notice Pleading and a Complaint's Failure to State a Claim

Rule 8(a) requires that a pleading be "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief."  Each allegation must be simple, concise, and direct.  Rule 8(d)(1); see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (overruled on other grounds) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim.").

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted."  Rule 12(b)(6).  A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to allege a cognizable legal theory.  Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015).  To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Thus, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Id.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v. Allain, 478 U.S. 265, 283 (1986).  The court is not, however, required to accept as true "conclusory [factual] allegations that are contradicted by documents referred to in the complaint," or "legal conclusions merely because they are cast in the form of factual allegations."  Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).

///

3

1

**Analysis**

2      Here, plaintiff's complaint contains little information assisting the court in determining

3   whether she has a cognizable claim.  Plaintiff lists five categories of defendants: "David Hollister,

4   D.A. Plumas County," "Plumas Jail (guards)," Plumas Sheriffs (cops including informants),"

5   Plumas Courts (judges and clerks)," and "Steward Gately, Sierra Family DDS, Inc."  She lists the

6   following sources of law as the basis of the court's jurisdiction: "PC 1054.1, PC 182, BPC 2234,

7   42 U.S.C. § 1320(d)(6), 18 U.S.C. §2381, PC 37, PC 646.9, PC 118.1, PC 148, 8th Amendment,

8   28 U.S.C. § 177."  She states in a conclusory fashion that "Hollister is guilty of vindictive

9   prosecution, slander, defamation, misuse of 1368, [and] conspiracy, [and] the jail is guilty of cruel

10  and unusual punishment and theft."  For relief, plaintiff states "vandalism to vehicle, cause of

11  chronic mygrans [sic] and lack of standard of care, loss of wages, ATM theft, dental fraud, loss of

12  vehicles, fake arrest, harassment, loss of home, cars, money, clothes, computers, phrases and tools

13  and time with family."  (See ECF No. 1 at 2-7.)

14      Broadly speaking, plaintiff's complaint is frivolous on its face and therefore cannot

15  proceed.  The complaint appears to list a number of California Penal Code provisions (PC 1054.1,

16  PC 182, PC 37, PC 646.9, PC 118.1, and PC 148), as well as one provision of the U.S. Criminal

17  Code (18 U.S.C. § 2381).  However, private citizens have no authority to bring claims under

18  criminal statutes.  See Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006) (no

19  private right of action for violation of criminal statutes); see also, e.g., Willis v. City of Los

20  Angeles, 57 F. App'x 283, 289 (9th Cir. 2002) ("[C]oncerning such matters as perjury, Cal. P.C.

21  118; filing false police reports, Cal. P.C. 118.1; offering false evidence, Cal. P.C. 132; battery,

22  Cal. P.C. 242[,] the district court properly granted summary judgment to the appellees, finding

23  that the statutes cited do not create private rights of action."); El v. California, 2020 WL 6728090,

24  at *2 (E.D. Cal. Nov. 16, 2020) (finding no private action in pro se complaint listing "statutes

25  arising under the criminal code, including such sections as 18 U.S.C. § 2381–Treason ....")

26  (appeal dismissed sub nom. El v. Superior Ct. of California, No. 21-15096, 2021 WL 3077594

27  (9th Cir. June 23, 2021)).  Similarly, plaintiff's citations to 42 U.S.C. § 1320(d)(6) (approval of

28  projects by Secretary of Health and Human Services), 28 U.S.C. § 177 (a provision regarding

1  judges at the U.S. Court of Federal Claims), and Cal. Bus. Prof. Code § 2234 (enforcement by the

2  state of healing arts professionals) are frivolous on their face.  As these claims are "completely

3  devoid of merit as not to involve a federal controversy," they cannot proceed.  Steel Co., 523 U.S.

4  83, 89 (1998).

5        Plaintiff lists the 8th Amendment in her basis for federal jurisdiction, and it is true that

6  private citizens can raise such "cruel and unusual punishment" claims related to their

7  incarceration under 42 U.S.C. Section 1983.  However, a bare citation to the statute does not

8  suffice to put each defendant on notice of the basis of any constitutional claim.  Further, it is not

9  clear whether she is alleging any constitutional claim against all defendants, or merely a subset

10  thereof.  As the Supreme Court has stated, a complaint "must contain sufficient factual matter,

11  accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678

12  (noting that a claim has facial plausibility when the complaint states facts allowing "the court to

13  draw the reasonable inference that the defendant is liable for the misconduct alleged.").  Given

14  that the court cannot be certain at this point that plaintiff has absolutely no basis for a claim, she

15  will be granted permission to file an amended complaint.  Lopez, 203 F.3d at 1130-31 (instructing

16  that the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to

17  cure—if it appears at all possible the defects can be corrected).

18  **STANDARDS FOR AMENDMENT**

19        If plaintiff elects to file an amended complaint, this new pleading shall:

20      i.      be captioned "First Amended Complaint";

21      ii.    be limited to 10 pages, with text utilizing a font size of 12 Times New Roman or
equivalent and double spacing (*pages exceeding the page limit will be summarily

22  *stricken and will not be considered part of plaintiff's operative pleading*);

    iii.   use numbered paragraphs;

23      iv.   clearly identify which defendants are allegedly at fault for the constitutional violation;

    v.    list the factual allegations supporting her constitutional claim;

24      vi.   include a general background facts section to orient the reader only as necessary;

25      vii.   include a statement for jurisdiction, venue, and relief sought as is necessary;

    viii.  omit exhibits, documents, photos, or other such "evidence" of claims;

26      ix.   refrain from alleging redundant, immaterial, frivolous, or scandalous matters; and

    x.    address the pleading deficiencies outlined in this order.

27

28  This amended complaint shall be filed within 21 days of this order.

1    Further, the court provides citation to the following pleading and legal standards for

2    plaintiff to consider when amending her complaint:

3    -   **SECTION 1983 CLAIMS AGAINST INDIVIDUALS**: 42 U.S.C. Section 1983

4        provides a cause of action for the deprivation of "rights, privileges, or immunities secured

5        by the Constitution or laws of the United States" against a person acting "under color of

6        any statute, ordinance, regulation, custom, or usage." Gomez v. Toledo, 446 U.S. 635,

7        639 (1980). "Section 1983 is not itself a source of substantive rights; rather it provides a

8        method for vindicating federal rights elsewhere conferred." Graham v. Connor, 490 U.S.

9        386, 393–394 (1989). Thus, to state a claim for relief under Section 1983, a plaintiff must

10       allege that the defendant (1) acted under color of state law; and (2) caused a plaintiff to be

11       deprived of a right secured by the Constitution or laws of the United States. Nurre v.

12       Whitehead, 580 F.3d 1087, 1092 (9th Cir. 2009). A defendant "causes" a constitutional

13       deprivation when he or she (1) "does an affirmative act, participates in another's

14       affirmative acts, or omits to perform an act which he [or she] is legally required to do that

15       causes the deprivation"; or (2) "set[s] in motion a series of acts by others which the

16       [defendant] knows or reasonably should know would cause others to inflict the

17       constitutional injury." Lacey v. Maricopa Cty., 693 F.3d 896, 915 (9th Cir. 2012). The

18       causation inquiry "must be individualized and focus on the duties and responsibilities of

19       each individual defendant whose acts or omissions are alleged to have caused a

20       constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (emphasis

21       added)

22   -   **SECTION 1983 CLAIMS AGAINST GOVERNMENT ENTITIES**: "[L]ocal-

23       government entities are considered 'persons' under Section 1983 and therefore may be

24       liable for causing a constitutional deprivation." See Monell v. Dep't of Soc. Servs., 436

25       U.S. 658, 690-91 (1978). However, these entities are only liable "for injuries that arise

26       from an official policy or longstanding custom." Id. at 694. To raise a Monell claim, a

27       plaintiff must allege facts in a complaint "that a [municipal] employee committed the

28       alleged constitutional violation pursuant to a formal governmental policy or a

6

longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity." <u>Gillette v. Delmore</u>, 979 F.2d 1342, 1346 (9th Cir. 1992) (per curiam) (citations omitted).  In addition, a plaintiff must allege facts demonstrating that the policy was "(1) the cause in fact and (2) the proximate cause of the constitutional deprivation." <u>Trevino v. Gates</u>, 99 F.3d 911, 918 (9th Cir. 1996).

- **SECTION 1983 CLAIMS AGAINST IMMUNE DEFENDANTS**:  Absolute prosecutorial immunity applies for any action taken within the scope of a prosecutor's adjudicatory duties, including filing charges, initiating prosecution or any conduct integral to the judicial phase of the criminal process.  <u>Imbler v. Pachtman</u>, 424 U.S. 409, 421-24 (1976).  Further, prosecutors can obtain qualified immunity when they perform administrative or investigative functions beyond their adjudicatory role.  <u>Genzler v. Longanbach</u>, 410 F.3d 630, 636 (9th Cir. 2005); Prosecutorial immunity applies to actions under Sections 1983.  <u>Imbler</u>, 424 U.S. at 421-24.

- **SECTION 1983 CLAIMS AGAINST PRIVATE PARTIES**:  Claims under Section 1983 generally do not lie against a private individual or business entity, as they do not act under color of state law.  <u>See</u> <u>Franklin v. Fox</u>, 312 F.3d 423, 444 (9th Cir. 2002).

Plaintiff is advised that the court cannot refer to a prior complaint or other filing in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint, and once the first amended complaint is filed, the original complaint no longer serves any function in the case.

Finally, nothing in this order requires plaintiff to file an amended complaint.  If plaintiff determines she is unable to amend the complaint in compliance with the court's order at this juncture, plaintiff may alternatively file, within 21 days of this order, a notice of voluntary dismissal of all claims without prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(i).

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion to proceed in forma pauperis is GRANTED;

2.  Plaintiff is granted 21 days from the date of this order to file either:

   a.   an amended complaint in accordance with this order, or

   b.   a notice of voluntary dismissal of the action without prejudice; and

3.  Failure to file either an amended complaint or voluntary dismissal by the required deadline may result in the imposition of sanctions, including potential dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Dated:  January 7, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Eisn.2337

8