UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGIA MILES EISNER,<br><br>        Plaintiff,<br><br>    v.<br><br>DAVID HOLLISTER, et al.,<br><br>        Defendants. | No.  2:21–cv–2337–TLN–KJN PS<br><br>FINDINGS AND RECOMMENDATIONS<br><br>(ECF Nos. 2, 4.) |

On December 14, 2021, plaintiff filed a complaint and request to proceed in forma pauperis.[1] (ECF Nos. 1, 2.)  Therein, she named numerous groups of defendants, including members of Plumas County's police, jail, prosecution offices, the county courts, and a private citizen.  The undersigned screened plaintiff's complaint under 28 U.S.C. Section 1915, noted deficiencies, and provided 21 days for plaintiff to amend.  (ECF No. 4.)  The deadline passed without a response from plaintiff.

The court now recommends plaintiff's complaint be dismissed on the grounds of failure to state facts on which relief might be granted, frivolity, failure to follow a court order, and failure to prosecute.

---

[1] Plaintiff proceeds without the assistance of counsel; thus, this case was referred to the undersigned for the entry of findings and recommendations.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Local Rules 302(c)(21) and 304.

1

**Legal Standards: Failure to Prosecute**

Eastern District Local Rule 183(a) provides, in part:

> Any individual representing [] herself without an attorney is bound by the Federal Rules of Civil [] Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction[.]

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants") (overruled on other grounds). A district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default).

A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local rules. See, e.g., Ferdik, 963 F.2d at 1260. Specifically, the court must consider:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

Id. at 1260-61; accord Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002).

**Legal Standards: Federal Notice Pleading and a Failure to State a Claim**

Rule 8(a) requires that a pleading be "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief."  Each allegation must be simple, concise, and direct.  Rule 8(d)(1); see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (overruled on other grounds) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim.").

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted."  Rule 12(b)(6).  A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to allege a cognizable legal theory.  Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015).  To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Thus, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Id.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v. Allain, 478 U.S. 265, 283 (1986).  The court is not, however, required to accept as true "conclusory [factual] allegations that are contradicted by documents referred to in the complaint," or "legal conclusions merely because they are cast in the form of factual allegations."  Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).

///

**Legal Standards: Subject Matter Jurisdiction and Frivolity**

The court must dismiss a case if, at any time, it determines that it lacks subject matter jurisdiction. Rule 12(h)(3).[2] A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a).

Federal courts lack subject matter jurisdiction to consider claims that are "so insubstantial, implausible, foreclosed by prior decisions of this court, or otherwise completely devoid of merit as not to involve a federal controversy." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 89 (1998); Hagans v. Lavine, 415 U.S. 528, 537 (1974) (court lacks subject matter jurisdiction over claims that are "essentially fictitious," "obviously frivolous" or "obviously without merit"); see also Grancare, LLC v. Thrower by & through Mills, 889 F.3d 543, 549-50 (9th Cir. 2018) (noting that the "wholly insubstantial and frivolous" standard for dismissing claims operates under Rule 12(b)(1) for lack of federal question jurisdiction). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). A court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Id. at 327; Rule 12(h)(3).

**Analysis**

As the court noted in its previously screening order:

> Here, plaintiff's complaint contains little information assisting the court in determining whether she has a cognizable claim. Plaintiff lists five categories of defendants: "David Hollister, D.A. Plumas County," "Plumas Jail (guards)," Plumas Sheriffs (cops including informants)," Plumas Courts (judges and clerks)," and "Steward Gately, Sierra Family DDS, Inc." She lists the following sources of law as the basis of the court's jurisdiction: "PC 1054.1, PC 182, BPC 2234, 42 U.S.C. § 1320(d)(6), 18 U.S.C. §2381, PC 37, PC 646.9, PC 118.1, PC 148, 8th Amendment, 28 U.S.C. § 177." She states in a conclusory fashion that "Hollister is guilty of vindictive prosecution, slander, defamation, misuse of 1368, [and] conspiracy, [and] the jail is guilty of cruel and unusual punishment and theft." For relief, plaintiff states "vandalism to vehicle, cause of chronic mygrans [sic] and lack of standard of care, loss of wages, ATM

---

[2] Citation to the "Rule(s)" are to the Federal Rules of Civil Procedure, unless otherwise noted.

theft, dental fraud, loss of vehicles, fake arrest, harassment, loss of home, cars, money, clothes, computers, phrases and tools and time with family." (See ECF No. 1 at 2-7.)

Broadly speaking, plaintiff's complaint is frivolous on its face and therefore cannot proceed. The complaint appears to list a number of California Penal Code provisions (PC 1054.1, PC 182, PC 37, PC 646.9, PC 118.1, and PC 148), as well as one provision of the U.S. Criminal Code (18 U.S.C. § 2381). However, private citizens have no authority to bring claims under criminal statutes. See Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006) (no private right of action for violation of criminal statutes); see also, e.g., Willis v. City of Los Angeles, 57 F. App'x 283, 289 (9th Cir. 2002) ("[C]oncerning such matters as perjury, Cal. P.C. 118; filing false police reports, Cal. P.C. 118.1; offering false evidence, Cal. P.C. 132; battery, Cal. P.C. 242[,] the district court properly granted summary judgment to the appellees, finding that the statutes cited do not create private rights of action."); El v. California, 2020 WL 6728090, at *2 (E.D. Cal. Nov. 16, 2020) (finding no private action in pro se complaint listing "statutes arising under the criminal code, including such sections as 18 U.S.C. § 2381–Treason . . . .")(appeal dismissed sub nom. El v. Superior Ct. of California, No. 21-15096, 2021 WL 3077594 (9th Cir. June 23, 2021)). Similarly, plaintiff's citations to 42 U.S.C. § 1320(d)(6) (approval of projects by Secretary of Health and Human Services), 28 U.S.C. § 177 (a provision regarding judges at the U.S. Court of Federal Claims), and Cal. Bus. Prof. Code § 2234 (enforcement by the state of healing arts professionals) are frivolous on their face. As these claims are "completely devoid of merit as not to involve a federal controversy," they cannot proceed. Steel Co., 523 U.S. 83, 89 (1998).

Plaintiff lists the 8th Amendment in her basis for federal jurisdiction, and it is true that private citizens can raise such "cruel and unusual punishment" claims related to their incarceration under 42 U.S.C. Section 1983. However, a bare citation to the statute does not suffice to put each defendant on notice of the basis of any constitutional claim. Further, it is not clear whether she is alleging any constitutional claim against all defendants, or merely a subset thereof. As the Supreme Court has stated, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (noting that a claim has facial plausibility when the complaint states facts allowing "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Given that the court cannot be certain at this point that plaintiff has absolutely no basis for a claim, she will be granted permission to file an amended complaint [within 21 days of this order]. Lopez, 203 F.3d at 1130-31 (instructing that the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected).

Based on this rationale, the court recommends dismissal of plaintiff's complaint filed December 2021. Steel Co., 523 U.S. 83, 89 (1998); Iqbal, 556 U.S. at 678.

Turning to amendment, plaintiff failed to heed the court's screening order and submit an amended complaint. Thus, while the court cannot say whether further amendment would have resulted in plausible claims being stated, the court recommends denying further amendment for failure to prosecute under the following Ferdik analysis.

Here, the first two Ferdik factors weigh in favor of dismissal, because this case has already been delayed by plaintiff's failure to take the steps necessary to move this case forward. The third factor also slightly favors dismissal, because, at a minimum, defendants have been deprived of an opportunity to be promptly notified of the lawsuit and prepare their defense. With the passage of time, witnesses' memories fade and evidence becomes stale.

Furthermore, the fifth factor, availability of less drastic alternatives, favors dismissal, because the court has already attempted less drastic alternatives. Specifically, the court, cognizant of plaintiff's pro se status, granted additional time to allow for amendment. However, plaintiff has been incommunicado since filing the complaint, leaving the court with little alternative but to recommend dismissal. Finally, as to the fourth factor, the public policy favoring disposition of cases on their merits, that factor is outweighed by the other Ferdik factors. Indeed, it is plaintiff's own failure to prosecute the case and comply with the rules that precludes a resolution on the merits.

Therefore, after carefully evaluating the Ferdik factors, the court concludes that dismissal with prejudice is appropriate.

## RECOMMENDATIONS

Accordingly, it is HEREBY RECOMMENDED that:

1. The action be DISMISSED pursuant to Federal Rules of Civil Procedure 12(b)(1); 12(b)(6); and 41(b), and further leave to amend be DENIED; and

2. The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: February 7, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

eisn.2137